GEORGE LEGGETT, Plaintiff in Error, *v.* ALBERT MEYERS, Defendant in Error.

Pleading—Demurrer—Probate Court.—A demurrer is a proper pleading in the probate court.

Answer—Demurrer—Pleading.—When a defendant in an action demurs within ten days after service of summons upon him, he has answered within meaning of the statute; and no judgment for want of an answer can be rendered against him.

Error to the district court of the second judicial district, Ada county.

*A. Heed*, for the plaintiff in error.

*Clitus Barbour*, for the defendant in error.

Whitson, J., delivered the opinion. Hollister, J., concurred. Noggle, C. J., dissented.

This action was commenced in the probate court by Albert Meyers against George Leggett. Before the term of the court came regularly on, and within the time required to answer, the defendant filed a demurrer to plaintiff's complaint. When the term came, the defendant asked and obtained leave to withdraw his demurrer and file his answer, which was accordingly done. Thereupon, the plaintiff filed

a motion for judgment for want of an answer, which motion, notwithstanding the leave given to file an answer, was allowed by the probate court, and judgment given accordingly. Defendant appealed to the district court of Ada county, and the judgment of the probate court was affirmed. Defendant now brings his writ of error to this court for a review of the judgment of the district court.

The second section of the act of the sixth session, "defining the jurisdiction and practice of the probate courts, etc., provides that the same " rule of practice shall be observed before the probate court as those governing the practice before justices' courts, except that the pleadings shall be in writing," etc.   Section 588 of the civil practice act provides, that section 478 of the same act shall be applicable to justices' courts and actions therein, and that section provides that " a defendant shall be deemed to appear in an action when he answers, demurs, or gives the plaintiff written notice of his appearance," etc.

Again, section 532 of title 17, relating to proceedings in civil cases in justices' courts provides, that " either party may object to a pleading of his adversary, or any part thereof, that it is not sufficiently explicit to enable him to understand it, or that it contains no cause of action or defense, although it be taken as true.   If the court deem the objection well founded, it shall order the pleading to be amended," etc.

These sections of the statute we deem conclusive of the whole subject, and that defective and insufficient pleadings can as well be reached in a justice's or probate court by demurrer as in a district court, and hence no judgment for want of an answer can be taken against a party in a probate court, who has demurred within ten days after service of summons upon him.

Judgment of the court below reversed, and cause remanded for trial.